ELECTRONICALLY
FILED
10/15/2025
U.S. DISTRICT COURT
Northern District of WV

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**JOSEPH DONHAM,**

        **Plaintiff,**

**v.**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,**

        **Defendants.**

1:25-cv-104

**(Temporary) Case No. 5:25-cv-11111**

**Judge**   Kleeh

**NOTICE OF REMOVAL
(Removed from Monongalia County,
Case No. 25-C-313)**

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") hereby gives notice of removal of the action styled *Joseph Donham v. Nationwide Mutual Fire Insurance Company,* Civil Action No. 25-C-313, pending in the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia (Clarksburg Division) pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. On August 6, 2025, Plaintiff Joseph Donham ("Plaintiff") filed his Complaint in the Circuit Court of Monongalia County, West Virginia. Plaintiff alleges (1) breach of contract and (2) bad faith/unfair claim settlement practices, under both common law and W. Va. Code § 33-11-4(9). [*See* Complaint, attached as Exhibit 1, Counts I and II generally].

2. This action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -

(1) Citizens of different states . . . .

**Diversity of Citizenship**

3.      Plaintiff is a citizen and resident domiciled in the State of West Virginia and is thus a citizen of West Virginia for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).  [*See* Exh. 1, ¶1].

4.      For purposes of establishing diversity of citizenship, "a corporation shall be deemed to be a citizen of any State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  The phrase "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011).

5.      Nationwide is a foreign corporation, formed under the laws of the State of Ohio with its principal place of business located in Columbus, Ohio, and is thus a citizen of Ohio for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).  [*See* Exh. 1, ¶1; *see also* Exhibit 2, State of Ohio Secretary of State Certificate].

6.      There is complete diversity between Plaintiff and the Defendant.

**Amount in Controversy**

7.      The party seeking removal has the burden to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *Braden v. Chesapeake Appalachia, LLC*, 2013 U.S. Dist. LEXIS 146038, *5 (N.D. W. Va. October 9, 2013) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

8.       The Northern District of West Virginia has consistently applied the "preponderance of evidence" standard "to determine whether a defendant has met its burden of proving the amount in controversy . . ." where the plaintiff does not demand a specific damage amount in the complaint. *Id.* (citing *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994)).  The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (13137)).

9.       A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999).  This includes declarations and other evidentiary materials that a defendant may submit. *See*, *e.g.*, *McCoy*, 147 F. Supp. 2d at 493 ("It is appropriate to consider the affidavit under existing District precedent.") (citing *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)).  A court also can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be awarded. *See Jones v. Capitol One Bank (USA) N.A.*, 2009 U. S. Dist. Lexis 98807, *5-8 (S.D. W. Va. 2009).

10.      Plaintiff has asserted claims for breach of contract and bad faith – both common law first-party bad faith and violations of the West Virginia Unfair Trade Practices Act, *W. Va. Code* § 33-11-4(9) – arising out of Nationwide's handing of a property damage claim submitted under Plaintiff's homeowner's policy. [*See* Exh. 1, Counts I and II, generally].   Although Plaintiff's Complaint asserts no specific monetary amount in damages, he is seeking compensatory and consequential damages for "economic loss, deprivation of policy benefits, and significant emotional harm, including annoyance, inconvenience and frustration."  [*See* Exh. 1, ¶30]. Plaintiff

further seeks to recover attorney fees and an award of punitive damages.  [*See id*., ¶ 39 and prayer for relief].

11.    The policy limit of the applicable coverage under Plaintiff's homeowner's policy is identified on the declarations page as $310,000.00.  [*See* Certified Policy Declarations Page, attached hereto as Exhibit 3.]

12.    While Nationwide denies that Plaintiff is entitled to attorneys' fees, West Virginia Federal Courts, on more than one occasion, have found that claims or attorney's fees in a Complaint alleging UTPA violations and common law bad faith, "more likely than not will exceed the minimum amount in controversy requirement." *Woods v. Nationwide Mut. Ins. Co.*, Civ. Act. No. 5:05CV165, 2006 U.S. Dist. LEXIS 40580, *5 (N.D. W. Va. 2006); *see also Kenney v. Indep. Order of Foresters*, Civ. Act. No. 3:12-CV-123, 2012 U.S. Dist. LEXIS 175370 (N.D. W. Va. 2012). Just as in this case, the plaintiff in *Woods* sought to recover attorney's fees under more than one theory of liability: "First, the plaintiff claims attorney's fees under the Unfair Trade Practices Act ("UTPA"), which allows a successful plaintiff to recoup increased expenses such as attorney's fees. Second, . . . the plaintiff seeks to recover fees pursuant to *Marshall v. Saseen,* 450 S.E.2d 791 (1994). Under *Marshall,* an insurer is responsible for reasonable attorney's fees to an insured who substantially prevails against the insurer." *Woods*, 2006 U.S. Dist. LEXIS 40580, *5 (citations omitted). Judge Stamp concluded that based on the plaintiff's claim for attorney fees and the presumption that reasonable attorney's fees would be one-third of the policy limit ($100,000.00), that it was more likely than not that the fees, coupled with other damages, would exceed $75,000.00 amount in controversy. *Id.* (*citing Hayseeds v. State Farm Fire & Cas.,* 177 W. Va. 323, 352 S.E.2d 73, 80 (1986)). Here, the policy limit is $310,000; therefore, and while Nationwide denies that Plaintiffs are entitled to attorney's fees, one-third of the face

amount of the policy limit is $103,333.  As such, the amount of attorney fees claimed by Plaintiff alone exceeds the jurisdictional threshold.

13.     Plaintiff further seeks punitive damages.  [*See* Exh. 1, ¶ 39].  This Court must consider "any punitive damages which may be awarded" in evaluating the amount in controversy requirement.  *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *5 (N.D. W. Va. March 2, 2009).  Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy to be met, as it "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000); *see also Heller v. TriEnergy, Inc.*, 2012 U.S. Dist. LEXIS 94003, *26 (N.D. W. Va. July 9, 2012). Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action.  *Bryant,* 117 F. Supp. 2d at 556-57 (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000.00 was at stake); *see also Hutchens v. Progressive*, 211 F. Supp. 2d 788, 790-91 (S.D. W. Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff signed an affidavit stating that he would not seek more than $74,500.00).  Here, Plaintiff has requested punitive damages and such damages are an available form of relief.

14.     Therefore, the sum or value of this controversy exceeds $75,000.00.

### Procedural Requirements

15.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that Nationwide was served with a Summons and Complaint on September 15, 2025, and this Notice of Removal is being filed within 30 days of that date.  [*See* Exhibit 4, Certified Docket Sheet].

16.     Removal is proper to the United States District Court for the Northern District of West Virginia, Clarksburg Division, because the Circuit Court of Monongalia County, West Virginia, where the Complaint was filed, is located within the Northern District of West Virginia, Clarksburg Division.  28 U.S.C. § 129(a); L. R. Gen. P. 77.02.

17.     Pursuant to 28 U.S.C. § 1446(a), a certified copy of the docket sheet in the state court action is attached as Exhibit 4.

18.     Nationwide reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Monongalia County, West Virginia. A copy of the Notice of Filing of the Notice of Removal is attached as Exhibit 5.

WHEREFORE, Nationwide hereby removes this action from the Circuit Court of Monongalia County and requests that this action proceed as properly removed to this Court.

Dated: October 15, 2025

                                        **NATIONWIDE MUTUAL FIRE**
                                        **INSURANCE COMPANY,**

                                        **By Counsel,**

                                        */s/ Melanie Morgan Norris*
                                        Denise D. Pentino (W.Va. Bar No. 6620)
                                        Melanie M. Norris (W. Va. Bar No. 8581)
                                        Jacob N. Holden (W. Va. Bar No. 13552)
                                        **DINSMORE & SHOHL LLP**
                                        2100 Market Street
                                        Wheeling, WV 26003
                                        304-230-1700
                                        304-230-1610 (facsimile)
                                        Denise.pentino@dinsmore.com
                                        Melanie.norris@dinsmore.com
                                        Jacob.holden@dinsmore.com

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

1:25-cv-104

**JOSEPH DONHAM,**                                    **(Temporary) Case No. 5:25-cv-11111**

      **Plaintiff,**                                    **Judge**    Kleeh

**v.**

                                      **NOTICE OF REMOVAL**

**NATIONWIDE MUTUAL FIRE**               **(Removed from Monongalia County,**
**INSURANCE COMPANY,**                        **Case No. 25-C-313)**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2025, the foregoing document, ***NOTICE***

***OF REMOVAL*** was electronically filed with the Clerk of Courts for the U.S.D.C. for the Northern

District of West Virginia, Clarksburg Division via the Court's CM/ECF system and was served

upon the below-listed counsel for Plaintiff via the Court's CM/ECF system on this same date.

Andrew G. Meek, Esq.
**HAMSTEAD, WILLIAMS & MEEK PLLC**
68 Clay Street, Suite C
Morgantown, WV 26501
T: 304-296-3636
F:304-291-5364
andrew@wvalaw.com

                                       **NATIONWIDE MUTUAL INSURANCE**
                                       **COMPANY**
                                       **By Counsel,**

                                       */s/ Melanie Morgan Norris*
                                       Denise D. Pentino (W. Va. Bar No. 6620)
                                       Melanie M. Norris (W. Va. Bar No. 8581)
                                       Jacob N. Holden (W. Va. Bar No. 13552)

7